IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK OVERBY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | 2:21-cv-01416-ACA |
| ] | |
| **CITY OF BIRMINGHAM, et al,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

On October 21, 2019, Plaintiff Frederick Overby was physically attacked by City of Bessemer police officers during a traffic stop. Mr. Overby later filed this lawsuit against Defendants Officer Derrick Square, Officer Dustin Alford[1], the City of Bessemer, and three "John Doe" defendants alleging that the attack and his subsequent arrest violated Mr. Overby's constitutional rights and state law.

Before the court are Officers Square and Alford's motions to dismiss. (Docs. 10, 17). Because the court finds that Mr. Overby's lawsuit commenced within the statute of limitations period, the court **WILL DENY** Officer Square and Officer Alford's motions to dismiss Mr. Overby's claims as time barred. But because Mr.

---

[1] Mr. Overby refers to Officer Dustin Alford as Officer Dustin Austin in his complaint. (Doc. 1). The court assumes this was in error. (*See* doc. 10).

Overby failed to properly serve Officer Alford pursuant to Federal Rule of Civil Procedure 4, the court **WILL GRANT** Officer Alford's motion on that ground.

## I.     BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to Mr. Overby. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

On October 21, 2019, Officer Square pulled Mr. Overby over for driving with an inoperative license plate light. (Doc. 1 at ¶¶ 5, 6). Mr. Overby's license plate was not inoperative at the time. (*Id.* at ¶ 7). Shortly after the initial stop, other police officers, including Officer Alford, arrived on the scene. (*Id.* at ¶ 9).

As Mr. Overby was "explaining himself" to the officers, Officer Square pulled him out of the car, causing a laceration to Mr. Overby's neck. (*Id.* at ¶¶ 10, 11). Once Mr. Overby was out of the car, an unknown officer handcuffed him and all officers began to "punch[], beat[], kick[], and spray[] Overby with OC spray[2] while he was handcuffed." (Doc. 1 at ¶ 12). Eventually, the officers arrested Mr. Overby and charged him with possession of marijuana, resisting arrest, and disturbing the peace. (*Id.* at ¶ 14). Mr. Overby maintains his innocence on each of these charges. (*Id.* at ¶¶ 15–22).

---

[2] The court assumes that "OC spray" refers to Oleoresin Capsicum spray, otherwise known as pepper spray. *See* U.S. Department of Justice, Federal Bureau of Prisons, Program Statement No. 5576.04, Oleoresin Capsicum (OC) Aerosol Spray (2017).

Mr. Overby filed this complaint on the second anniversary of the incident. (Doc. 1). Six weeks later, Mr. Overby requested that the court serve Officers Square and Alford and the City of Bessemer using the summons he provided. (Doc. 2). The court thereafter sent the summons and complaints to each of these three defendants by certified mail. (Doc. 3). The court thereafter received confirmation from the United States Post Office that it delivered the summons and complaint by certified mail to the address Mr. Overby provided within the time prescribed by Federal Rule of Civil Procedure 4. (Doc. 6). However, the certified mail was accepted by Rhoshanna Vincent, not Officer Alford. (*Id.*; *see also* docs. 3, 4).

The court did not receive timely confirmation of service for Officer Square or the City of Bessemer from the United States Post Office and Mr. Overby did not timely file proof of service on these defendants. Therefore, the court ordered Mr. Overby to show cause as to why it should not dismiss his case for failure to serve Officer Square and the City of Bessemer. (Doc. 5). Mr. Overby responded by requesting a forty-five-day extension for service (doc. 7), which the court granted (doc. 8). Mr. Overby served only Officer Square within that extended period. (Doc. 16). Consequently, the court dismissed the City of Bessemer on June 8, 2022. (Doc. 23).

Officer Alford moved to dismiss Mr. Overby's complaint on March 25, 2022 (doc. 10) and Officer Square similarly moved on April 28, 2022 (doc. 17). The court

entered an order directing Mr. Overby to respond to both motions by a specific date but Mr. Overby failed to respond. (Docs. 12, 19). The court next ordered Mr. Overby to show cause as to why it should not dismiss both defendants from this action for failure to prosecute. (Doc. 21). For his response, Mr. Overby stated that he "apparently mis-calendared" the dates. (Doc. 22 at ¶ 3). The court gave Mr. Overby one week to respond to both motions, which are now fully briefed and ripe for review.

## II. DISCUSSION

Both Officer Square and Officer Alford argue that the statute of limitations bars Mr. Overby's claims against them. (Doc. 10 at 4–7; doc. 17 at 2–5). Officer Alford also moves to dismiss Mr. Overby's claims against him for insufficient service of process. (Doc. 10 at 2–4). The court will address each of these arguments in turn.

### A. Statute of Limitations

Mr. Overby brings this action pursuant to 42 U.S.C. § 1983, alleging that Officers Square and Alford each violated his constitutional rights. (Doc. 1 at ¶¶ 1, 23–28, 35–41). Under Alabama law, claims brought pursuant to § 1983 are subject to a two-year statute of limitations. *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992); Ala. Code § 6-2-38(l). Mr. Overby alleges that Officer Square wrongly arrested him and that both Officer Square and Officer Alford used excessive force

on October 21, 2019.  (*See* doc. 1 at ¶¶ 5–22).  Therefore, Mr. Overby had until October 21, 2021 to bring his claims.  *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (stating that a cause of action under § 1983 accrues when the plaintiff knows or has reason to know that he has been injured).

Officers Square and Alford do not dispute that Mr. Overby filed his complaint within the two-year statute of limitations. (*See* doc. 17 at 1; doc. 10 at 1).  They argue that his claims are nonetheless untimely because, under Alabama law, "[t]he filing of a complaint . . . does not commence an action for purposes of satisfying the statute of limitations . . . there must also exist a bona fide intent to have it immediately served." (Doc. 10 at 4; doc. 17 at 3–4 (citing *ENT Assocs. of Ala., P.A. v. Hoke*, 223 So. 3d 209, 213–14 (Ala. 2016) (internal quotations and emphasis omitted). According to Officers Square and Alford, Mr. Overby's decision to wait six weeks to attempt service establishes Mr. Overby did not have a bona fide intent to serve them on the day he filed his complaint. (Doc. 10 at 6; doc. 17 at 4).

Defendants' argument would prevail if the "commencement" of an action was governed by Alabama law.  But it is not.  The claims brought in this lawsuit are federal causes of action and "[w]hen it is necessary for [the federal court] to borrow a statute of limitations for a federal cause of action, [it] borrows no more than necessary." *West v. Conrail*, 481 U.S. 35, 39 (1987).  Here, it is unnecessary to borrow Alabama's definition of "commencement" because Federal Rule of Civil

Procedure 3 explicitly provides that definition. Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court); *see also Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir. 1980). So where, as here, a complaint is filed within two years of the injury, it is not barred by the statute of limitations. Accordingly, the court **DENIES** Officers Square and Alford's motions to dismiss Mr. Overby's claims on that ground.

    B. <u>Insufficient Service of Process</u>

The court's decision that Mr. Overby timely served Officer Alford does not end its analysis. Officer Alford also argues that the complaint against him is due to be dismissed because he was not properly served. (Doc. 10 at 2). Here, the court agrees.

A defendant may move to dismiss a complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Federal Rule of Civil Procedure 4(e) permits service by several methods. A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A plaintiff may also serve an individual defendant by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)–(C).

Officer Alford correctly points out that Mr. Overby's attempt at service does not comply with Fed. R. Civ. P. 4(e)(2). (Doc. 10 at 2, 2 n.1). And Mr. Overby makes no attempt to argue that serving an identified individual at the headquarters of Officer Alford's employer (*see* doc. 4) is sufficient under Alabama Rules of Civil Procedure. Instead, Mr. Overby argues only that he requested service by certified mail "well within the 90 days of filing the complaint" and that he only knew where Officer Alford worked. (Doc. 24 at 5).

As part of his response to Officer's Alford's motion to dismiss, Mr. Overby requests that the court extend the time for service so that he may properly serve Officer Alford. (*Id.*). In support of his request, Mr. Overby states that he served Officer Alford at the wrong place within the right time. (Doc. 24 at 5). He also argues that Officer Alford was not prejudiced by his failure to properly serve him. (*Id.*). Putting aside the procedural issues presented by this request, the court declines Mr. Overby's invitation because he has not shown good cause for his failure to timely serve Officer Alford. Fed. R. Civ. P. 4(m) (requiring the plaintiff to show good cause for the failure to timely serve).

Mr. Overby's first argument fails. It does not matter when you request service by certified mail if you know that the address you provide for service will not result

in proper service. Mr. Overby is represented by counsel, the Defendant is not a prison guard, and the Defendant remains employed by the Bessemer Police Department. *See Richardson v. Johnson*, 598 F.3d 734, 739–40 (11th Cir. 2021). Accordingly, Mr. Overby is not excused from properly serving Officer Alford pursuant to Federal Rule of Civil Procedure 4(l).

Mr. Overby's second argument that Officer Alford "has actual knowledge of the lawsuit and would not be prejudiced by the Court extending time for service," also fails. The fact that a defendant will not be prejudiced by an extension of time for service does not constitute good cause. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007). "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (alterations adopted; quotations omitted).

In the absence of good cause, this court has the discretion to extend the time for service. *Horenkamp v. Van Winkle and Co., Inc.* 402 F.3d 1129, 1132 (11th Cir. 2005). Under the facts of this case, the court declines to exercise that discretion. Mr. Overby concedes he knowingly used an improper method to serve Officer Alford. (Doc. 24 at 5). And he does not argue that the return of service was not signed by Officer Alford's authorized agent. (*See* doc. 4). Armed with that knowledge, all Mr. Overby had to do when he moved for an extension of time to serve the City of Bessemer and Officer Square was to raise the issue of proper service

and request that the extension apply to Officer Alford. Instead, Mr. Overby chose to ignore his improper service of Officer Alford. Moreover, he could have requested additional time to serve Officer Alford immediately after Officer Alford filed his motion to dismiss based on improper service on March 25, 2022. (Doc. 10). Rather than moving for additional time for proper service at that time, Mr. Overby did nothing. Indeed, it took a court order to get Mr. Overby to respond to the motion to dismiss. (Doc. 13).

The court has considered that the applicable statute of limitations would bar any refiled action. *See Lepone-Dempsey*, 476 F.3d at 1282. However, it has now been over nine months since Mr. Overby filed his complaint (doc. 1), eight months since he knowingly provided the court with insufficient information to properly serve Officer Alford (doc. 2), and over seven months since he was called out for failing to properly serve Officer Alford (doc. 10). Notwithstanding the foregoing, and despite his knowledge that the statute of limitations ran immediately following the filing of this complaint, Mr. Overby made *no* effort to properly serve Officer Alford until three months after the court first ordered him to respond to Officer Alford's motion to dismiss. (Doc. 13). Under these circumstances, the court finds that granting an extension of time to serve Officer Alford would serve only to encourage future litigants to view Federal Rule of Civil Procedure 4 as a suggestion, not the Rule. Such encouragement frustrates the court's obligations to "construe[],

administer[], and employ[]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, the court **GRANTS** Officer Alford's motion and **DISMISSES** Mr. Overby's claim against him **WITHOUT PREJUDICE**.

### III.  CONCLUSION

The court **DENIES** Officer Square's and Officer Alford's motions to dismiss Mr. Overby's claims as time barred.  The court **GRANTS** Officer Alford's motion to dismiss for insufficient service and **DISMISSES** Mr. Overby's claim against him **WITHOUT PREJUDICE**.

The court **ORDERS** Officer Square and Mr. Overby to meet and confer and file a Rule 26 Report **on or before August 25, 2022.**

**DONE** and **ORDERED** this August 11, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE