FILED
2024 Feb-05 AM 10:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK OVERBY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 2:21-cv-1416-ACA** |
| **DERRICK SQUARE, *et al.*,** | ) | |
| **Defendants.** | ) | |

**AMENDED MEMORANDUM OPINION**

The court previously entered a memorandum opinion on the motion for summary judgment by Defendant Derrick Square. Because of a scrivener's error, the court **VACATES** the prior memorandum opinion and **ENTERS** the following in its place:

Officer Square, a Bessemer police officer, stopped a car driven by Plaintiff Frederick Overby. During the stop, police officers removed Mr. Overby from his car and restrained him in handcuffs. Mr. Overby contends that Officer Square kicked Mr. Overby after he was handcuffed and asserts the following claims against Officer Square:

(1) excessive force in violation of the Fourth Amendment ("Count Four");

(2) false/unlawful arrest in violation of the Fourth Amendment ("Count Eight").

(Doc. 1 ¶¶ 23–25, 35–41; *see also* docs. 23, 28). Officer Square asserts that he is entitled to qualified immunity on both claims and moves the court to enter summary judgment in his favor on each claim. (Doc. 33).

Because Mr. Overby failed to rebut Officer Square's qualified immunity defense as to the false/unlawful arrest claim, the court **WILL GRANT** Officer Square's motion and **ENTER SUMMARY JUDGMENT** in Officer Square's favor as to that claim. The court **WILL DENY** Officer Square's motion as to the excessive force claim.

## I. BACKGROUND

When approaching a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted). Where the parties have presented evidence creating a dispute of fact, the court's description of the facts adopts the version most favorable to the nonmovant. *See id.*; *see also Cantu v. City of Dothan*, 974 F.3d 1217, 1222 (11th Cir. 2020) ("The 'facts' at the summary judgment stage are not necessarily the true, historical facts; they may not be what a jury at trial would, or will, determine to be the facts.").

On October 21, 2019, Officer Square initiated a traffic stop of a car driven by Mr. Overby. (Doc. 34-2 at 8–9). When Officer Square approached the car, he told Mr. Overby that the light bulb on his "tag light was out." (*Id*. at 10). The parties dispute what happened next.

According to Mr. Overby, he informed Officer Square that he would get the light bulb fixed the following day. (*Id*.). He does not recall officers asking him for his driver's license, to identify himself, or to get out of the vehicle. (*Id*. at 10–11). According to Officer Square, Mr. Overby "refused to identify himself" and "started being aggressive." (Doc. 34-3 at 10–11). Officer Square contends that Mr. Overby's car had an "odor of marijuana" and that Mr. Overby refused "to step out of the car." (*Id*. at 7, 9).

Ultimately, police officers removed Mr. Overby from his vehicle. (Doc. 34-2 at 11; *accord* doc. 34-3 at 11). Thereafter, the parties' narratives materially diverge again. Mr. Overby contends that he did not resist officers "in any way . . . [b]efore or after being handcuffed." (Doc. 34-2 at 12–13, 16, 30). Officer Square contends that Mr. Overby refused instructions to "give [the officers] his arm" and otherwise tried to prevent the officers from placing him in handcuffs. (Doc. 34-3 at 12, 15). After officers placed Mr. Overby in handcuffs, Mr. Overby contends that Officer Square stood above him and kicked him "[w]hile [he] was on the ground." (Doc. 34-

2 at 13). Officer Square contends that he never kicked Mr. Overby. (Doc. 34-3 at 17).

There is one video in evidence. (*See* doc. 34-1). Although Officer Square's body camera was activated at the time of the arrest, the footage is no longer available and has "been deleted" (doc. 34-3 at 18), but a security camera captured the incident (*see* doc. 34-1). The version of the security camera footage that Officer Square submitted—without objection from Mr. Overby—appears to be a hand-held recording of a computer monitor playing that video. (*See* doc. 34-1). The footage reveals very few details about the incident because of the angle of the security camera, its distance from the incident, and the position of Mr. Overby's car.

## II. DISCUSSION

Mr. Overby contends that Officer Square violated his Fourth Amendment rights because Officer Square arrested him without probable cause and used excessive force. (*See* doc. 1 ¶¶ 23–25, 35–41). Officer Square moves for summary judgment as to all claims against him. (Doc. 33). Summary judgment is appropriate when a movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

For both claims, Officer Square asserts that he is entitled to qualified immunity. To be potentially eligible for this defense, Officer Square bears the initial burden of "show[ing] that he was acting within his discretionary authority during the

alleged wrongdoing." *Helm v. Rainbow City*, 989 F.3d 1265, 1272 (11th Cir. 2021) (quotation marks omitted). The parties do not dispute that Officer Square has carried this burden. (*Compare* doc. 35 at 14, *with* doc. 40 at 12). So, "the burden shifts to [Mr. Overby] to show (1) that the government official violated a constitutional right and, if so, (2) that the constitutional right was clearly established at the time of the wrongdoing." *Helm*, 989 F.3d at 1272. The court dispenses with Mr. Overby's false/unlawful arrest claim first before turning to Mr. Overby's excessive force claim.

a. False/Unlawful Arrest (Count Eight)

In Count Eight, Mr. Overby asserts a false arrest claim, contending that Officer Square arrested him without probable cause. (*See* doc. 1 ¶¶ 35–41). Although Mr. Overby acknowledges that he bears the burden of refuting Officer Square's entitlement to qualified immunity (*see* doc. 40 at 12), Mr. Overby's responsive brief does not mention his false arrest claim (*see generally* doc. 40; doc. 43 at 6–7). The court therefore concludes that Mr. Overby has forfeited any argument as to this claim, *see Christmas v. Harris Cnty*., 51 F.4th 1348, 1354 & n.4 (11th Cir. 2022), and **WILL GRANT** Officer Square's motion and **WILL ENTER SUMMARY JUDGMENT** in his favor as to that claim.

b. Excessive Force (Count Four)

In Count Four, Mr. Overby asserts that Officer Square's use of force was excessive in violation of the Fourth Amendment. (Doc. 1 ¶¶ 23–25). This claim is based on Mr. Overby's contention that Officer Square kicked him after arresting officers had restrained Mr. Overby. (*See* doc. 34-2 at 14–17).[1]

"The right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Brooks v. Miller*, 78 F.4th 1267, 1282 (11th Cir. 2023) (alterations accepted; quotation marks omitted). "But the Fourth Amendment guarantees the right to be free from the use of excessive force during an arrest." *Id*. So, federal courts consider "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." *Id*. (quotation marks omitted).

Mr. Overby testified that after the arresting officers handcuffed him, Officer Square stood above him and kicked him. (Doc. 34-2 at 13). Officer Square disputes that he kicked Mr. Overby and testified that he did not "ever strike him in any way." (Doc. 34-3 at 17). "When opposing parties tell two different stories, one of which is blatantly contradicted by" video footage, a court cannot indulge the "visible fiction"

[1] Mr. Overby also testified that his excessive force claim is based on another officer's use of pepper spray. (*See* doc. 34-2 at 17). Because Mr. Overby concedes that Officer Square did not pepper spray him (*see id.*) and Mr. Overby's sole claims are against Officer Square, *see supra* at 1–2; (*see also* docs. 23, 28), the court does not consider whether the use of pepper spray was excessive.

and must instead "view[] the facts in the light depicted by the videotape." *E.g.*, *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). But here, the security camera footage does not favor either parties' version of events. (*See* doc. 34-1). Accordingly, there is a triable issue of fact regarding whether Officer Square kicked Mr. Overby.

And if that kick *did* occur (an issue the court cannot decide), it was clearly established that gratuitous use of force against a suspect who is not resisting, secure, and not posing a threat is excessive. (*See* doc. 40 at 21) (collecting cases); *see also e.g.*, *Hadley v. Gutierrez,* 526 F.3d 1324, 1330 (11th Cir. 2008) (holding that an officer who delivered a single punch to a handcuffed suspect was not entitled to qualified immunity); *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000) (denying qualified immunity to officers who kicked and hit a suspect while handcuffed on the ground). Accordingly, the court **WILL DENY** Officer Square's motion as to Mr. Overby's excessive force claim.

## III. CONCLUSION

The court **WILL GRANT IN PART** and **DENY IN PART** Officer Square's motion. (Doc. 33). This case will proceed to trial as to Mr. Overby's excessive force claim.

**DONE** and **ORDERED** this February 5, 2024.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE